UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) RAUGHN WILLIAMS, a/k/a "Pancho,"<br>(2) CHAMPION BROWN, a/k/a "Champ,"<br>(3) WILLIAM BROWN, a/k/a "EBK,"<br>(4) MYLES KING, a/k/a "Mizzie Cash,"<br>(5) HUSNAIN AKRAM, a/k/a "Frenchy,"<br>(6) JILLIAN KARABELLO, and<br>(7) JUNIOR JEAN LOUIS, a/k/a "Jiggy,"<br><br>Defendants | Criminal No. 26cr10147<br><br>Violations:<br><br>Count One: Conspiracy to Engage in the Business of Dealing Firearms Without a License<br>(18 U.S.C. § 371)<br><br>Counts Two through Fourteen: Felon in Possession of a Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Fifteen: Unlawful Possession of a Machinegun<br>(18 U.S.C. § 922(o))<br><br>Count Sixteen: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Count Seventeen: Distribution of Fentanyl<br>(21 U.S.C. § 841(a)(1))<br><br>Counts Eighteen through Twenty: Distribution of 40 Grams or More of Fentanyl; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2(a))<br><br>Counts Twenty-One through Twenty-Three: Distribution of 28 Grams or More of Cocaine Base; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); 18 U.S.C. § 2(a)))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)) |

INDICTMENT

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Federal law required individuals who engaged in the business of dealing in firearms to have a federal firearms license to do so. Engaging in the business of dealing in firearms without the appropriate federal firearms license violated 18 U.S.C. § 922(a)(1)(A).

2.    Defendants WILLIAMS, CHAMPION BROWN, WILLIAM BROWN, and KARABELLO did not have and have never had a federal firearms license.

Overview of the Firearms Conspiracy

3.    From an unknown date, but from at least January 2025 through on or about April 21, 2026, in the District of Massachusetts and elsewhere, Defendants WILLIAMS, CHAMPION BROWN, WILLIAM BROWN, and KARABELLO, conspired to engage in the business of dealing firearms without the required federal firearms license.

Object and Purpose of the Conspiracy

4.    The object of the conspiracy is to engage in the business of dealing in firearms without a federal firearms license. The principal purpose of the conspiracy is to make money by dealing firearms without a federal license.

Manner and Means of the Conspiracy

5.    Among the manner and means by which WILLIAMS, CHAMPION BROWN, WILLIAM BROWN, KARABELLO and coconspirators known and unknown carried out the conspiracy were the following:

   a. Obtaining firearms from various sources of supply, including stealing firearms from KARABELLO's father;

   b. Arranging for the sale of firearms to one or more buyers;

    c.   Selling firearms in the Commonwealth of Massachusetts without possessing a federal firearms license;

    d.   Collecting money in exchange for the firearms; and

    e.   Sharing in the profits from selling firearms.

<u>Overt Acts in Furtherance of the Conspiracy</u>

6.    WILLIAMS, CHAMPION BROWN, WILLIAM BROWN, KARABELLO and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy.

7.    On or about January 20, 2026, in Randolph, MA, WILLIAMS sold a Glock 26 9mm pistol to an undercover special agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("the UC") in exchange for $1,600.

8.    On or about January 21, 2026, in Boston, MA, WILLIAMS sold a Glock 23 .40 caliber pistol to the UC in exchange for $1,600, after CHAMPION BROWN provided the Glock 23 to WILLIAMS.

9.    On or about February 2, 2026, in Boston, MA, WILLIAMS sold a German Sports Guns GSG-522 American Tactical .22LR HV rifle and a Colt AR-15A3 .223 caliber rifle to the UC in exchange for $4,500. The a German Sports Guns GSG-522 American Tactical rifle was originally purchased in the name of KARABELLO's father.

10.    On or about February 3, 2026, in Boston, MA, WILLIAMS sold a CZ Scorpion EVO 3 S1 9mm rifle-pistol and a German Sports Guns GSG-16 American Tactical .22LR HV rifle to the UC in exchange for $4,800. These firearms were originally purchased in the name of KARABELLO's father. While delivering the firearms to the UC, WILLIAMS pointed to KARABELLO's vehicle and told the UC that KARABELLO was stealing her father's guns.

CHAMPION BROWN spoke to the UC after the sale to assist in collecting the payment. WILLIAMS divided a share of the profit with BROWN.

11. On or about February 11, 2026, in Boston, MA, WILLIAMS sold a Umarex Sportwaffen GMBH & Co. HK MP5 .22 caliber rifle; a Walther Colt M4 .22 caliber rifle; and a Springfield Armory M1A 7.62 caliber rifle to the UC in exchange for $7,000. CHAMPION BROWN obtained the firearms with WILLIAMS and accompanied WILLIAMS to the location of the sale. The Walther rifle was originally purchased in the name of KARABELLO's father.

12. On or about February 18, 2026, in Boston, MA, WILLIAMS sold a Glock 19 9mm pistol, bearing serial number ZGB991; a .300 blackout caliber rifle-pistol; a Norinco SKS Sporter 7.62 caliber rifle; and fentanyl to the UC in exchange for $8,250.

13. On or about March 20, 2026, in Boston, MA, WILLIAMS sold a Russian SKS 7.62 caliber rifle with an attached bayonet to "Person A" in exchange for $2,400. CHAMPION BROWN delivered the rifle WILLIAMS sold to "Person A."

14. On or about April 15, 2026, in Boston, MA, WILLIAM BROWN sold a Glock 21 .45 caliber pistol; a Black Rain Ordnance Spec 15 5.56 caliber rifle; and a ROMARM Cugir SAR-1 7.62 caliber rifle to the UC in exchange for $4,980.

15. On or about April 21, 2026, in Boston, MA, WILLIAM BROWN sold a Glock 30S .45 caliber pistol with a machinegun conversion device attached; a Smith & Wesson M&P-15 5.56 caliber rifle; and four additional machinegun conversion devices to the UC in exchange for $4,000.

<u>COUNT ONE</u>

The Grand Jury charges:

The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 15 of this Indictment.

From an unknown date, but from at least January 2025 through on or about April 21, 2026, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1)    RAUGHN WILLIAMS, a/k/a "Pancho,"
(2)    CHAMPION BROWN, a/k/a "Champ,"
(3)    WILLIAM BROWN, a/k/a "EBK," and
(4)    JILLIAN KARABELLO,

conspired with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, to wit, engaging in the business of dealing in firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A), that is, agreed to willfully engage in the business of dealing in firearms, not being a licensed importer, manufacturer, and dealer under the provisions of Title 18, United States Code.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about January 20, 2026, in Randolph, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Glock 26 9mm pistol, bearing serial number BCEF146.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT THREE</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about January 21, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a

Glock 23 .40 caliber pistol, bearing serial number FLY899.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT FOUR</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 2, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a German Sports Guns GSG-522 American Tactical .22LR HV rifle, bearing serial number A523366.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT FIVE</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 2, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a

Colt AR-15A3 .223 caliber rifle, bearing serial number LBD001908.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 3, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a

CZ Scorpion EVO 3 S1 9mm rifle-pistol, bearing serial number F078022.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT SEVEN</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 3, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is a

German Sports Guns GSG-16 American Tactical .22LR HV rifle, bearing serial number A804481.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT EIGHT</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 11, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a

Umarex Sportwaffen GMBH & Co. HK MP5 .22 caliber rifle, bearing serial number HD088347.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT NINE</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 11, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Walther Colt M4 .22 caliber rifle, bearing serial number WJ014562.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TEN
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 11, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Springfield Armory M1A 7.62 caliber rifle, bearing serial number 200524.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT ELEVEN</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 18, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Glock 19 9mm pistol, bearing serial number ZGB991.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 18, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a .300 blackout caliber rifle-pistol.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTEEN
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about February 18, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Norinco SKS Sporter rifle, bearing serial number 12159527.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOURTEEN
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about March 20, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, Russian SKS 7.62 caliber rifle, bearing serial number CCCP4509.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT FIFTEEN</u>
Unlawful Possession of a Machinegun
(18 U.S.C. § 922(o))

The Grand Jury further charges:

On or about April 21, 2026, in Boston, in the District of Massachusetts, the defendant,

WILLIAM BROWN, a/k/a "EBK,"

did unlawfully and knowingly possess and transfer a machinegun, that is, a Glock 30S .45 caliber

pistol with a machinegun conversion device attached.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT SIXTEEN
### Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances
### (21 U.S.C. § 846)

The Grand Jury further charges:

From an unknown date, but from at least October 2025 through on or about April 9, 2026, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1)    RAUGHN WILLIAMS, a/k/a "Pancho,"
(2)    MYLES KING, a/k/a "Mizzie Cash,"
(3)    HUSNAIN AKRAM, a/k/a "Frenchy," and
(4)    JUNIOR JEAN LOUIS, a/k/a "Jiggy,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute, and possess with intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance.  Accordingly, Title 21 United States Code, Sections 841(b)(1)(A)(vi) and (b)(1)(B)(iii) are applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendant RAUGHN WILLIAMS, a/k/a "Pancho." Accordingly, Title 21 United States Code, Sections 841(b)(1)(B)(vi) is applicable to defendant RAUGHN WILLIAMS, a/k/a "Pancho."

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl]

propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendant HUSNAIN AKRAM, a/k/a "Frenchy" Accordingly, Title 21 United States Code, Section 841(b)(1)(B)(vi) is applicable to defendant HUSNAIN AKRAM, a/k/a "Frenchy."

It is further alleged that, with respect to Count One, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to defendants RAUGHN WILLIAMS, a/k/a "Pancho," MYLES KING, a/k/a "Mizzie Cash," HUSNAIN AKRAM, a/k/a "Frenchy," and JUNIOR JEAN LOUIS, a/k/a "Jiggy." Accordingly, Title 21 United States Code, Section 841(b)(1)(B)(iii) is applicable to defendants RAUGHN WILLIAMS, a/k/a "Pancho," MYLES KING, a/k/a "Mizzie Cash," HUSNAIN AKRAM, a/k/a "Frenchy," and JUNIOR JEAN LOUIS, a/k/a "Jiggy."

All in violation of Title 21, United States Code, Section 846.

COUNT SEVENTEEN
Distribution of Fentanyl
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about October 24, 2025, in Brockton, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHTEEN
Distribution of 40 Grams or More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2(a))

The Grand Jury further charges:

On or about October 28, 2025, in Easton, in the District of Massachusetts, the defendants,

(1)    RAUGHN WILLIAMS, a/k/a "Pancho," and
(2)    HUSNAIN AKRAM, a/k/a "Frenchy,"

did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing

a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide, commonly

known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi), and

Title 18, United States Code, Section 2(a).

## COUNT NINETEEN
### Distribution of 40 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The Grand Jury further charges:

On or about December 10, 2025, in Easton, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing

a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide, commonly

known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

<u>COUNT TWENTY</u>
Distribution of 40 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The Grand Jury further charges:

On or about February 18, 2026, in Boston, in the District of Massachusetts, the defendant,

RAUGHN WILLIAMS, a/k/a "Pancho,"

did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing

a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl] propanamide, commonly

known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

<u>COUNT TWENTY-ONE</u>
Distribution of 28 Grams or More of Cocaine Base; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); 18 U.S.C. § 2(a))

The Grand Jury further charges:

On or about March 11, 2026, in East Falmouth, in the District of Massachusetts, the

defendants,

      (1)     RAUGHN WILLIAMS, a/k/a "Pancho," and
      (2)     MYLES KING, a/k/a/ "Mizzie Cash,"

did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing

a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii), and

Title 18, United States Code, Section 2(a).

## COUNT TWENTY-TWO
Distribution of 28 Grams or More of Cocaine Base; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); 18 U.S.C. § 2(a))

The Grand Jury further charges:

On or about March 27, 2026, in Weymouth, in the District of Massachusetts, the defendants,

      (1)      MYLES KING, a/k/a/ "Mizzie Cash," and
      (2)      JUNIOR JEAN LOUIS, a/k/a/ "Jiggy,"

did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii), and Title 18, United States Code, Section 2(a).

## COUNT TWENTY-THREE
Distribution of 28 Grams or More of Cocaine Base
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii))

The Grand Jury further charges:

On or about April 22, 2026, in Weymouth, in the District of Massachusetts, the defendant,

MYLES KING, a/k/a/ "Mizzie Cash,"

did knowingly and intentionally distribute 28 grams or more of a mixture and substance containing

a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.    Upon conviction of the offenses in violation of Title 21, United States Code, Sections 846 and 841, set forth in Counts Sixteen through Twenty-Three, the defendants,

    (1)    RAUGHN WILLIAMS, a/k/a "Pancho,"
    (2)    MYLES KING, a/k/a "Mizzie Cash,"
    (3)    HUSNAIN AKRAM, a/k/a "Frenchy,"
    (4)    JUNIOR JEAN LOUIS, a/k/a "Jiggy,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants—

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

<u>FIREARM FORFEITURE ALLEGATION</u>
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

3.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 922, set forth in Counts One through Fifteen, the defendants,

> (1)     RAUGHN WILLIAMS, a/k/a "Pancho,"
> (2)     CHAMPION BROWN, a/k/a "Champ,"
> (3)     WILLIAM BROWN, a/k/a "EBK," and
> (4)     JILLIAN KARABELLO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

a. one Glock 26 9mm pistol, bearing serial number BCEF146, seized in Randolph, MA, on January 20, 2026;

b. one magazine containing 12 rounds of 9mm ammunition, seized in Randolph, MA, on January 20, 2026;

c. one Glock 23 .40 caliber pistol, bearing serial number FLY899, seized in Boston, MA, on January 21, 2026;

d. one magazine containing six rounds of .40 caliber ammunition, seized in Boston, MA, on January 21, 2026;

e. one German Sports Guns GSG-522 American Tactical .22LR HV rifle, bearing serial number A523366, seized in Boston, MA, on February 2, 2026;

f. one magazine containing 24 rounds of .22 caliber ammunition, seized in Boston, MA, on February 2, 2026;

g. one Colt AR-15A3 .223 caliber rifle, bearing serial number LBD001908, seized in Boston, MA, on February 2, 2026;

h. one CZ Scorpion EVO 3 S1 9mm rifle-pistol, bearing serial number F078022, seized in Boston, MA, on February 3, 2026;

i. one magazine containing 14 rounds of 9mm ammunition, seized in Boston, MA, on February 3, 2026;

j. one German Sports Guns GSG-16 American Tactical .22LR HV rifle, bearing serial number A804481, seized in Boston, MA, on February 3, 2026;

k. one magazine containing 10 rounds of .22 caliber ammunition, seized in Boston, MA, on February 3, 2026;

l. one magazine containing 25 rounds of .223 caliber ammunition, seized in Boston, MA, on February 3, 2026;

m. one Umarex Sportwaffen GMBH & Co. HK MP5 .22 caliber rifle, bearing serial number HD088347, seized in Boston, MA, on February 11, 2026;

n. one magazine containing 10 rounds of .22 caliber ammunition, seized in Boston, MA, on February 11, 2026;

o. one Walther Colt M4 .22 caliber rifle, bearing serial number WJ014562, seized in Boston, MA, on February 11, 2026;

p. one Springfield Armory M1A 7.62 caliber rifle, bearing serial number 200524, seized in Boston, MA, on February 11, 2026;

q. one magazine containing five rounds of 7.62mm ammunition, seized in Boston, MA, on February 11, 2026;

r. one magazine containing 12 rounds of 9mm ammunition, seized in Boston, MA, on February 11, 2026;

s. one Glock 19 9mm pistol, bearing serial number ZGB991, seized in Boston, MA, on February 18, 2026;

t. one magazine containing three rounds of 9mm ammunition, seized in Boston, MA, on February 18, 2026;

u. one .300 blackout caliber rifle-pistol, seized in Boston, MA, on February 18, 2026;

v. one magazine containing four rounds of 7.62mm ammunition, seized in Boston, MA, on February 18, 2026;

w. one Norinco SKS Sporter rifle, bearing serial number 12159527, seized in Boston, MA, on February 18, 2026;

x. one Russian SKS 7.62 caliber rifle, bearing serial number CCCP4509, seized in Boston, MA, on March 20, 2026;

y. 51 rounds of 7.62mm ammunition, seized in Boston, MA, on March 20, 2026;

z. one unfinished lower receiver, seized in Boston, MA, on March 20, 2026;

aa. one Glock 21 .45 caliber pistol, bearing serial number EUZ313US, seized in Boston, MA on April 15, 2026;

bb. one magazine containing three rounds of .45 caliber ammunition, seized in Boston, MA, on April 15, 2026;

cc. one Black Rain Ordnance Spec 15 5.56 caliber rifle, bearing serial number SM046162, seized in Boston, MA, on April 15, 2026;

dd. one magazine containing five rounds of 5.56mm ammunition, seized in Boston, MA, on April 15, 2026;

ee. one ROMARM Cugir SAR-1 7.62 caliber rifle, bearing serial number S1-10387-99, seized in Boston, MA, on April 15, 2026;

ff. one magazine containing eight rounds of 7.62mm ammunition, seized in Boston, MA, on April 15, 2026;

gg. one Glock 30S .45 caliber pistol, with an obliterated serial number, seized in Boston, MA, on April 21, 2026;

hh. one magazine containing five rounds of .45 caliber ammunition, seized in Boston, MA, on April 21, 2026; and

ii. one Smith & Wesson M&P-15 5.56 caliber rifle, seized in Boston, MA, on April 21, 2026.

4. If any of the property described in Paragraph 3, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants–

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 3 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

JOHN T. DAWLEY, JR.
DAVID CUTSHALL
PETER K. LEVITT
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: MAY 6, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn Jr. 5/6/2026 @ 4:47pm

DEPUTY CLERK